*In re* ACCOUNT OF WILLIAM R. TILLINGHAST, Administrator.

PROVIDENCE—JULY 14, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1)  *Estates Tail. Wills. Heirs of the Body.*

Testamentary bequest (4th) to A., for and during his natural life, the profits and income of 16 shares of stock, and after his death the principal of said stock to the heirs of his body, and in default thereof to the children of B., equally:—

*Held,* that the testator used words which, if applied to real estate, would create an estate tail; and which, therefore, applied to personalty made the gift absolute in the first taker.

(11th)  In a bequest of the same character, the words were "Unto the heirs of him, the said A., *if any he have*:"—

*Held,* that the intent was to give the remainder to a particular class of, rather than to the general, heirs; and, having used the words "heirs of the body" in the preceding clause, and showing in this clause that he had in mind an uncertain class, it was evident the testator intended the same class of heirs, and that the omission of the words "of the body" was accidental, and it therefore fell under the same construction and rule.

CASE STATED for an opinion.

STINESS, C. J.  The question arising on this account involves the construction of the 4th, 8th, 9th, and 11th clauses of the will of Smith W. Pearce.

(1)  The fourth clause gives to Allan P. Tillinghast, for and during his natural life, the profits and income of sixteen shares of the National Bank of Commerce, of Providence, and, after his death, the principal of said stock to the heirs of his body; and, in default thereof, to the children of Robert A. Rice, equally.

The eighth and ninth clauses give deposits in savings banks upon similar terms.

The eleventh clause gives to said Allan P. Tillinghast the income from stock in the City National Bank, of Providence, for life, and after his death to his heirs, if any he have, and in default to Carrie B. Rice.

This will was made in 1898, and is therefore subject to the provisions of the last revision, called General Laws.

The guardian for the Rice children claims that the construction of the will should give Allan P. Tillinghast only the income for life, the ownership of the principal to be determined at his death; if he leaves issue at his death, such issue become owners of the funds; if he does not, they go to the Rice children as directed. The argument is that the bequests would not create an estate tail in real estate

Under our statutes the creation of an estate tail is clearly permissible. Gen. Laws cap. 202, § 21, provides that in a limitation of an estate in tail it shall be sufficient to use the words "in tail," or "heirs of the body." This statute not only recognizes an estate tail, but it states what words will create it, and includes the very same words used in this will. Other portions of the statutes imply the existence of estates tail. Gen. Laws cap. 201, §§ 5, 9; cap. 192, § 6; cap. 203, §§ 2, 8, 10.

The words, then, of this will are such as, applied to real estate, would create an estate tail.

We do not think that the statutes relied on by the guardian to defeat the claim of an estate tail support his position.

Gen. Laws cap. 203, § 10, simply limits the creation of an estate tail to the children of the first devisee, and abolishes the rule in Shelley's case in certain cases. It does not purport to abolish an express fee tail. *Bullock* v. *Waterman*, 5 R. I. 273. Section 11 limits the construction of the word issue to children of the life tenant living at his decease, and admits the descendants of other children who have previously died.

Gen. Laws cap. 202, § 24, is of the same general import, to prevent an inference of an indefinite failure of issue.

Gen. Laws cap. 201, § 6, provides that when lands are devised to one for life, and after his death to his *heirs* in fee, the first taker will have an estate for life, with remainder in fee to his heirs.

This last section comes nearest to sustaining the guardian's position. It is possible to say that it applies to all gifts where

a life estate is first given, with remainder to heirs; and, construing heirs in the broadest sense of the word, that it includes heirs of the body. So construed, it would embrace estates tail. But such a construction, by vesting the remainder in the heirs, would prevent a barring of the entail under the statute.

We cannot think that the statute was intended to give a right in one section and to take it away in another. There is very little, if any, substantial difference between an estate tail to one and the heirs of his body, and that of an express preceding life estate with remainder in tail; for, as Judge Washburn said, 2 Washb. Real Prop. 6th ed. § 1539, "the statute *de donis* turned the estate of a tenant in tail theoretically into an estate for life," because of lack of power to alienate. To say that the statute applies in one case and not in the other, when both are practically the same, would be a strange construction. If such was the intention, in order to give force to the life estate expressed in one case and not in the other, it would have been easy to make it plain by adding the words "or heirs of the body." In so important a matter we do not think we should enlarge the operation of the statute by construction. The same reasons apply to the terms of section 24, which are claimed to operate to prevent an estate tail.

The statute must be taken according to its terms in the several cases.

In this view we fail to see how any of these provisions affect the question before us.

The argument of the guardian seems to ignore the distinction between the words "issue" and "heirs of the body," which is carefully preserved in the statute.

It is true that the words "heirs of the body" may sometimes be used, as in *Gallagher* v. *R. I. Hospital Trust Co.*, 22 R. I. 141, where the will shows that the testator only meant children; yet in that case it is said that when the technical words to create an estate tail in land are used, to wit, "heirs of the body," and nothing appears to show that

they were not used with that intent, they create an estate tail.

In this case the technical words are used, and we see nothing to qualify their meaning.

We see nothing in the cases relied on by the guardian to lead to a different conclusion.

In *DeWolf* v. *Middleton*, 18 R. I. 810, the word used in the will was issue. In *Swinburne* v. *Peckham*, 16 R. I. 208, the words were "leaving no legal heirs born of their own body," which the court construed to mean, by use of the words, "legal heirs," children, or issue.

We think it is clear that the testator used words, in the first three clauses referred to, which, if applied to land, would create an estate tail, and which, therefore, applied to personalty, makes the gift absolute in the first taker. *Gallagher* v. *R. I. Hospital Trust Co., supra; DeWolf* v. *Middleton*, 18 R. I. 810; *Cooke* v. *Bucklin,* 18 R. I. 666; *Tingley* v. *Harris*, 20 R. I. 517.

In the eleventh clause of the will the language is a little different. It is: "Unto the heirs of him the said Allan P. Tillinghast, if any he have."

The guardian urges that these words bring the clause within Gen. Laws, cap. 201, § 6, giving a life estate to the first taker and remainder to the heirs in fee. Doubtless this would be so, if the testator had simply used the word heirs. The section is the exact antithesis of the rule in Shelley's case, by making the word heirs a word of purchase instead of limitation. It is intended to effectuate the common intent of giving a life estate only to the first taker, preserving the remainder to his heirs. The testator in this case did not intend to give the remainder to the general heirs, which everyone must have, but, by adding the words "if any he have," he shows that he had in mind a particular class of heirs, whose existence might be uncertain. The bequest to which this clause applies is of the same character as the preceding bequests mentioned above, and there is no reason to suppose that he intended to put this bequest under any different conditions.

Having used the words "heirs of the body" in the preceding clauses, and showing in this clause that he had in mind an uncertain class, it is most probable, if not evident, that he had in mind the same class of heirs, and that the omission of the words "of the body" was accidental.

We are of opinion that this is the meaning of the clause. It therefore falls under the same construction and rule as the preceding· clauses; the .result of which is that Allan P. Tillinghast took an absolute gift. of the stock and deposits therein bequeathed.

*James Tillinghast,* for Allan P. Tillinghast.

*John Doran,* for guardian *ad litem.*

*William R. Tillinghast,* for himself. as administrator.